Jeremy T. Bergstrom, Esq.  
Nevada Bar No. 6904  
MILES, BAUER, BERGSTROM & WINTERS, LLP  
2200 Paseo Verde Pkwy., Suite 250  
Henderson, NV 89052  
(702) 369-5960 / FAX (702) 369-4955  
E-mail: jbergstrom@mileslegal.com  
File No. 09-94652  

E-filed on November 5, 2009

Attorneys for Secured Creditor,  
BAC HOME LOANS SERVICING, LP FKA  
COUNTRYWIDE HOME LOANS SERVICING, LP  

UNITED STATES BANKRUPTCY COURT  
DISTRICT OF NEVADA  

In re:  

FRUMENCIO GALENO and JOAQUINA MONTIEL  

Debtors.  

Case No.: BK-S-09-25446-MKN  
Chapter 13  

**OPPOSITION TO MOTION TO VALUE DEBTORS' NON-PRINCIPAL RESIDENCE REAL PROPERTY AND TO MODIFY THE RIGHTS OF PARTIALLY SECURED LIENHOLDERS AND OBJECTION TO LIENHOLDERS' PROOF(S) OF CLAIM**

Date: November 19, 2009  
Time: 2:30 P.M.

BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP (hereinafter "BAC"), a Secured Creditor in the above-entitled Bankruptcy proceeding, hereby submits its Opposition to the Motion to Value Debtors' Non-Principal Residence Real Property and To Modify the Rights of Partially Secured Lienholders and objection to Lienholders' Proof(s) of Claim.

///

///

///

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  FACTS**

On August 21, 2009, the Debtors filed their petition under Chapter 13 of the Bankruptcy Code. The Debtors own the home located at 2370 Fujita Way, Las Vegas, NV 89115 (the "Property").

The Property is security by a First Deed of Trust in favor of BAC in the amount of $216,000.00, loan number ending in 4708 (the "First DOT"). Attached to the Motion to Value Debtors' Non-Principal Residence Real Property and to Modify the Rights of Partially Secured Lienholders and Objection to Lienholders' Proof(s) of Claim (the "Motion") is an appraisal indicating that the value of the Property purports to be the amount of $60,000.00. The Motion is seeking an order from this Court determining that the First Deed of Trust is partially unsecured debt, and that for any amount in excess of $60,000.00, the First DOT is unsecured debt.

**II.  ANALYSIS**

**A.  A MODIFIED SECURED DEBT CANNOT BE PAID OVER A PERIOD OF TIME LONGER THAN THE CHAPTER 13 PLAN TERM.**

A Chapter 13 debtor may not invoke both a modification of a secured creditor's claim, and the right to cure and maintain the secured claim over the life of the original loan, simultaneously. In In re Ikechukwu MacDonald Enewally, 368 F.3d 1165, Bankr. L. Rep. P 80,106, debtors filed adversary claim against mortgage creditor, seeking judgment valuing non-residential mortgaged property at an amount less than the outstanding loan amount, bifurcating the real estate lien into secured and unsecured claims, extending term of repayment beyond life of plan, and disposing of the unsecured lien through the confirmed Chapter 13 plan. The court held that if a Chapter 13 debtor proposes to reduce the monthly payments to a secured creditor, the loan must be paid in full over the life of the plan, which may not exceed five years.

2

1  Moreover, Chapter 13 debtors could not both bifurcate mortgage lien on non-residential real

2  estate into separate secured and unsecured claims, disposing of the unsecured claim through the

3  plan, and repay the secured claim over a period of longer than the plan term; under the

4  Bankruptcy Code, when a secured debt was modified, it was required to be paid within the plan

5  term, not to exceed five years.

6  **B.    THE CREDITORS ARE ENTITLED TO A HEARING ON THE VALUATION OF THE PROPERTY OFFERED BY THE DEBTOR.**

7

8  FRBP Rule 3012 states as follows:

9  "The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the

10  court may direct."

11  Proper valuation of property securing creditor's claim, for purpose of deciding whether

12  creditor had a fully secured, undersecured or unsecured claim, was replacement value approach,

13  based on what Chapter 13 debtors would have to pay for comparable property. In re Plourde,

14  402 B.R. 488 Bankr.D.N.H., 2009.

15  BAC contends that the fair market value of the subject Property may be higher than the

16  amount stated in Debtors' Motion. In the event this Court grants the motion to value collateral,

17  BAC requests a hearing and the opportunity to present evidence on the same.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

3

### III. **CONCLUSION**

Based on the facts and arguments as set forth above, BAC respectfully requests as that this Court deny the Motion to Value Debtors' Non-Principal Residence Real Property and to Modify the Rights of Partially Secured Lienholders and Objection to Lienholders' Proof(s) of Claim or, in the alternative, confirm Debtors are to pay the determined fair market value in full over the course of the Plan; that the fair market value be determined at an evidentiary hearing; and that Debtors' Objection to BAC's Proof of Claim be denied.

MILES, BAUER, BERGSTROM & WINTERS, LLP

Dated: November 5, 2009    By: /s/ Jeremy T. Bergstrom, Esq.
                                                          Jeremy T. Bergstrom, Esq.
                                                          Attorney for Secured Creditor

**(09-94652/objaznv.dot/srb)**

**CERTIFICATE OF MAILING**

The undersigned hereby certifies that on ___November 5, 2009___, a copy of Secured Creditor's **Opposition to Motion to Value Debtors' Non-Principal Residence Real Property and to Modify the Rights of Partially Secured Lienholders and Objection to Lienholders' Proof(s) of Claim** was served by depositing a copy of same in the United States Mail, in a postage prepaid envelope, addressed to:

DEBTORS:
Frumencio Galeno
Joaquina Montiel
4650 East Carey Avenue
Las Vegas, NV  89115

ATTORNEY FOR DEBTOR:
Jorge L. Sanchez
Sanchez Law Group
900 S. Fourth St. #100
Las Vegas, NV  89101

CHAPTER 13 TRUSTEE:
Kathleen A. Leavitt
201 Las Vegas Blvd. South, Suite 200
Las Vegas, NV  89101

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

/s/ Sarah R. Biondo
An Employee of Miles, Bauer, Bergstrom & Winters, LLP

**(09-94652/objaznv.dot/srb)**