1  WILDE & ASSOCIATES                    Electronically Filed on _____
   Gregory L. Wilde, Esq.
2  Nevada Bar No. 004417
   208 South Jones Boulevard
3  Las Vegas, Nevada 89107
   Telephone: 702 258-8200
4  bk@wildelaw.com
   Fax: 702 258-8787
5
6  Attorneys for HSBC Bank USA, National Association, as Trustee for the holders of Deutsche Alt-A
   Securities Mortgage Loan Trust, Series 2006-AR5
7  09-76329

8                           UNITED STATES BANKRUPTCY COURT
9                                   DISTRICT OF NEVADA

10 In Re:                                         BK-S-09-25446 MKN
11
   FRUMENCIO GALENO                               Date:   January 28, 2009
12 JOAQUINA MONTIEL                               Time:   1:30 p.m.
13
                                                  Chapter 13
14         Debtors.

15            SUPPLEMENTAL OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

16         COMES NOW, HSBC Bank USA, National Association, as Trustee for the holders of Deutsche

17 Alt-A Securities Mortgage Loan Trust, Series 2006-AR5 (hereinafter "Secured Creditor") and files this

18 Supplemental Objection to Confirmation of Chapter 13 Plan stating as follows:

19         Secured Creditor is the first deed of trust holder on 2038 Webster Street, North Las Vegas,

20 Nevada 89030 (hereinafter "subject property"), and is owed over $137,000.00. The Debtors filed a

21 motion to value and reduce Secured Creditor's lien to $30,000.00. Secured Creditor has filed an

22 opposition to Debtors' motion to value – said opposition is incorporated herein by reference. The

23 Court has continued the hearing on the motion to value to January 14, 2010.

24         Secured Creditor asserts that this Court should not confirm the proposed plan because 1) there is

25 a complete lack of disclosure by the Debtors as detailed below, and 2) it is not feasible.

26

### A. Lack of Disclosure

Secured Creditor's opposition to Debtors' motion to value demonstrates that there are too many unanswered questions in the Debtors' attempt to treat the subject property as a rental and strip a large portion of Secured Creditor's interest in the same. The Debtors do not disclose the information necessary to answer these questions and prove they are being truthful with the Court. Until the Debtors can come before this Court with more information, the Court should not confirm this plan.

### B. Lack of Feasibility

The Debtors do not have sufficient income to meet their plan requirements as can be seen in a simple review of their Schedule "I" and looking at the proposed plan. Proposing to make payments of $1,174.54 per month for 60 months and then payments of $99,999.99 and $56,149.00 on October 21, 2013 is highly speculative and places all risk of loss on the Secured Creditor. The Debtors' plan does not even list a "source" of where these payments are coming from.

If the Debtors propose to refinance the property, the Court can take judicial notice that credit markets are essentially "stagnant" making it very difficult for anyone to refinance, especially debtors in bankruptcy.

Further, the Debtors do not budget for taxes and upkeep of the alleged rental property in their schedule "J".

11 U.S.C. 1326(a)(6) requires that a debtor will be able to make all payments under the plan. The Debtors have not shown an ability to do so. Secured Creditor expects that they will claim an attempt to "sell or refinance" prior to October 21, 2013 when the $99,999.99 and $56,149.00 payments are due.

When the plan proposes to sell or refinance real property in the future, the plan proponent has the burden to produce evidence as to, "past marketing efforts, the state of the market for the subject asset, current sale prospects, the existence and maintenance of any 'equity cushion' in the property, and all other circumstances that bear on whether the creditor will see its way out of the case financially whole." In re Newton, 161 B.R. 207, 217-218 (9th Cir. BAP 2007). This Debtor has proffered no such

evidence warranting confirmation of this plan.

The Court in *In re Gavia*, 24 B.R. 216 (Bankr.E.D.Cal.1982), aff'd, 24 B.R. 573 (9th Cir. BAP1982), rejected a plan which proposed to liquidate property within six months after confirmation. In *Gavia*, the debtors proposed to make no payments during the six months. The court reasoned that there was an absence of on-going contractual payments to the secured creditors, and "The possible liquidation of the debtor's home for the hoped-for sale price within a specified time in a depressed market *would not convince a reasonable person that the debtor will be able to comply with his plan.*" Id. at 218. (emphasis added).

Courts in the Ninth Circuit have confirmed some plans which do not require payments to secured creditors but they are restricted by, among other things: (1) granting the mortgage creditor relief from stay immediately; (2) specify a date, not significantly beyond the date the creditor could otherwise conduct a foreclosure sale, by which the debtor must sell the property, or there is an equity cushion or other adequate protection sufficient to protect the creditor beyond that date; (3) provide that the debtor will enter into a stipulated order for relief from stay at the creditor's request; and (4) include a provision that in any conflict between the plan and a stipulated order for relief from stay, the stipulation controls. *In re Proudfoot*, 144 B.R. 876 (9th Cir.BAP 1992) and *In re Gavia*, 24 B.R. 573 (9th Cir. BAP1992) See also, *In re Erickson*, 176 B.R. 753 (Bankr.E.D.Pa.1995) (holding Chapter 13 plan funded by sale of property was not feasible where the debtor had not stated the time period or terms of the sale and no provision was made for failure to sell the property); *In re Hogue*, 78 B.R. 867, 873 (Bankr.S.D.Ohio 1987) (Chapter 13 plan contemplating sale of residence three to five years after confirmation not feasible).

Until the Debtors can come before this Court with more information or income to properly fund a plan, the Court should not confirm this plan. It does not have a reasonable likelihood of success.

WHEREFORE, Secured Creditor asks that this Court deny confirmaiton and dismiss this case.

DATED this 4th day of January, 2010

WILDE & ASSOCIATES

By /s/ GREGORY L. WILDE, ESQ. #10718

GREGORY L. WILDE, ESQ.
Attorneys for Secured Creditor

Certificate of Facsimile

I certify that on January 4, 2010, I served a copy of the foregoing opposition on Debtors' Counsel by facsimile as follows:

Jorge L. Sanchez, Esq.
Sanchez Law Group, Ltd.
Fax No. (702) 537-2800